CHRISTOPHER B. SNOW [8858]
SHAUNDA L. McNEILL [14468]
Clyde Snow &Sessions
One Utah Center, Suite 1300
201 South Main Street
Salt Lake City, Utah  84111
cbs@clydesnow.com
slm@clydesnow.com
Telephone: (801) 322-2516
Fax No.: (801) 521-6280

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| JACQUELINE CAZEAU, DAWN STOJKOVIC, MICHAEL ANDERSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TPUSA, INC. dba TELEPERFORMANCE USA<br><br>Defendant. | No._____<br><br>COLLECTIVE/CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**COLLECTIVE/CLASS ACTION COMPLAINT**

**SUMMARY**

Plaintiffs Jacqueline Cazeau, Dawn Stojkovic, and Michael Anderson (collectively "Plaintiffs") individually and on behalf of all other similarly situated employees ("Claimants"), bring this action against Plaintiffs' former employer TPUSA, Inc. dba Teleperformance USA

1

{01280341-5 }

("TPUSA" or "Company" or "Defendant"). This action is brought as a nationwide collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and as a class action under Fed. R. Civ. P. 23(b)(3) for violations of Utah's Payment of Wages Act, Utah Code Ann. §§ 34-28-1 *et seq*. ("UPWA") and Utah common law. This action seeks the recovery of unpaid wages, minimum wages, overtime wages, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, and costs.

## JURISDICTION & VENUE

1. This Court has federal question jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' and Claimants' claims under the Utah Payment of Wages Act, Utah Code Ann. §§ 34-28-1 *et seq*, and Utah common law.

2. Venue is proper under 28 U.S.C. § 1391 since a substantial part of the events giving rise to this claim occurred in this District and Division.

3. Defendant is subject to personal jurisdiction in Utah.

## THE PARTIES

4. Plaintiff Jacqueline Cazeau ("Cazeau") is a resident of Salt Lake County, Utah and worked for TPUSA as an hourly employee with the title of Customer Service Representative from approximately February 2015 to November 2017. Cazeau is similarly situated to the Claimants in that all Claimants failed to receive regular compensation for all hours worked and overtime compensation for all hours worked in excess of 40 hours in a single workweek, in violation of the FLSA, the UPWA, and Utah common law.

5. Plaintiff Dawn Stojkovic ("Stojkovic") is a resident of Millcreek, Utah and worked for TPUSA as an hourly employee with the title of Customer Service Representative from approximately April 2016 to June 2017. Stojkovic is similarly situated to the Claimants in that all Claimants failed to receive regular compensation for all hours worked and overtime compensation for all hours worked in excess of 40 hours in a single workweek, in violation of the FLSA, the UPWA, and Utah common law.

6. Plaintiff Michael Anderson ("Anderson") is a resident of Sandy, Utah and worked for TPUSA as an hourly employee with the title of Customer Service Representative from approximately Spring 2014 to Spring 2016. Anderson is similarly situated to the Claimants in that all Claimants failed to receive regular compensation for all hours worked and overtime compensation for all hours worked in excess of 40 hours in a single workweek, in violation of the FLSA, the UPWA, and Utah common law.

7. Defendant TPUSA, Inc. dba Teleperformance USA, is a foreign corporation registered in Utah. Its primary business is operating "Contact Centers" (commonly referred to as "call centers") which provide telephone-based customer service to the customers of Defendant's numerous business clients. TPUSA maintains control, oversight, and direction over the operation of the Contact Centers and other facilities at which the Plaintiffs and the members of the proposed classes work or worked, including the payroll and other employment practices therein.

## NATURE OF THE ACTION

8. The Fair Labor Standards Act of 1938, as amended provides for minimum standards for both wages and overtime compensation.

{01280341-5 }

9. The Utah Payment of Wages Act provides additional protections to workers, including, but not necessarily limited to, entitlement to wages for all time worked.

10. According to its website, TPUSA employs over 29,000 individuals. On information and belief, the majority of TPUSA's employees are Service Agents or Customer Service Agents or Customer Service Representatives (or hold comparable positions with different titles) (hereafter, "Customer Service Representatives" or "CSRs") who receive and handle various types of phone calls from customers of TPUSA clients.

11. The Plaintiffs were previously employed as CSRs at TPUSA's facilities in Utah.

12. As set forth in more detail below, it is TPUSA's nationwide policy and practice to require and/or cause CSRs to engage in mandatory training and other work without compensation, in violation of the FLSA and the UPWA.

13. With regards to claims under the FLSA, and pursuant to 29 U.S.C. § 216(b), Plaintiffs bring this action on behalf of themselves, and as a collective action on behalf of all others similarly situated who are currently or were previously employed by TPUSA within the United States (hereafter referred to as the "Nationwide FLSA Class").

14. With regards to claims under the UPWA and Utah common law, Plaintiffs bring this action on behalf of themselves, and a class action on behalf of all others similarly situated who are currently or were previously employed by TPUSA within the State of Utah (hereafter referred to as the "Utah Class").

15. This action is brought to redress and end TPUSA's long-time pattern of willful and unlawful conduct.

## COMMON FACTUAL ALLEGATIONS FOR ALL CLAIMS

16. Plaintiffs and members of the proposed FLSA and Utah classes are currently or were previously employed by the Defendant.

17. Defendant has consistently practiced and continues to practice a nationwide policy of permitting, encouraging, and/or requiring its Customer Service Representatives, including Plaintiffs and members of both proposed classes to perform work without compensation.

18. Specifically, Defendant has instructed its employees to arrive at least fifteen (15) minutes early for each shift and for each mandatory training.

19. The employees are not permitted to "clock in" when they arrive fifteen (15) minutes early. Therefore, the pre-shift time spent on TPUSA's premises in accordance with Defendant's requirements and for Defendant's benefit is uncompensated.

20. During this pre-shift time, the employees are not permitted to leave TPUSA's premises and are unable to use their time effectively for their own purposes.

21. Plaintiffs and the members of the proposed Nationwide FLSA Class and the Utah Class were/are required to undergo several weeks of training at the beginning of their employment, prior to moving between departments, and at various other times during their employment with TPUSA. Training topics included but were not limited to TPUSA's technology and procedures, the practices and relevant regulations of the industries in which TPUSA clients work, and the business practices and procedures of TPUSA clients.

22. The following image shows a portion of mandatory training notice that instructed employees to "arrive at least 15 minutes before [their] class is scheduled to begin."



We have reserved a seat for you in the training class listed. At Teleperformance, we plan classes in advance and designate a specific number of students for each class. If your phone number and/or contact information changes before class begins, it is your responsibility to call us and supply us with the updated information. Please keep in mind that **perfect attendance is required.** Also, depending on the department, you may be given a final examination. **You must pass the final examination to continue employment.**
Please arrive at least 15 minutes before your class is scheduled to begin.

23.     Defendant has failed to compensate employees at regular rates or overtime rates (as applicable) for the fifteen (15) minutes that they arrived early for training and for their shifts, as instructed by TPUSA.

24.     The amount of uncompensated work time amounts to at least fifteen (15) minutes per Claimant per day during each Claimant's period of employment with TPUSA.

25.     On information and belief, Defendant's practice of requiring employees to arrive fifteen (15) minutes early for training and shifts without compensation was maintained throughout Claimants' employment and is maintained through the present day.

26.     Defendant's violations of the FLSA and the UPWA are willful and knowing. TPUSA was sued for similar violations in 2008 in this Court in Case No. 2:08-cv-00395. Despite this prior lawsuit and despite employee complaints, Defendant has failed to bring TPUSA's wage and hour practices into compliance with law.

{01280341-5 }

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

27. Plaintiffs incorporate the preceding paragraphs by reference.

28. Plaintiffs bring this action individually and as collective and class actions on behalf of Claimants, including the following proposed classes:

   a. **Nationwide FLSA Class**: All persons who are, or have been, employed by TPUSA as non-exempt employees within the applicable statutory period, and who, by means of the practices set forth above, failed to receive at least minimum wage for all hours worked and/or overtime compensation for hours worked in excess of 40 hours in a single work week.

   b. **Utah State Law Class:** All persons who are or have been employed by TPUSA under the laws of Utah as non-exempt employees within the applicable statutory period, and who, by means of the practices set forth above, failed to receive all wages due and owing for all hours worked.

29. TPUSA's officers and directors are excluded from each of these Classes.

### *Collective Action Allegations: FLSA Claim*

30. Plaintiffs seek certification on behalf of all Claimants of a collective action and the facilitation of notice to similarly-situated employees. 29 U.S.C. § 216(b).

31. The FLSA requires employees to receive minimum wage and overtime compensation for workweeks at the regular payday for the period in which the workweek ends. 29 C.F.R. § 790.21(b). Minimum wage and overtime earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends. 29 C.F.R. § 778.106.

{01280341-5 }

32.     The FLSA requires employers to pay hourly employees at least minimum wage for all hours worked and one and one-half (1.5) the employee's regular rate of pay for all overtime hours worked in excess of 40 hours in a single workweek.  29 U.S.C. §§ 206 and 207.

33.     The FLSA requires employers who classify employees exempt from minimum wage and overtime under the executive, professional or administrative exemptions to meet the salary basis test and compensate employees.  29 C.F.R. § 541.600(a).

34.     The members of the proposed Nationwide FLSA Class would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join the present lawsuit as party plaintiffs (by filing written consent with the Court, pursuant to 29 U.S.C. § 216(b)).

35.      The members of the proposed Nationwide FLSA Class are known to TPUSA, are readily identifiable, and can be located through TPUSA's records.

36.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs hereby submit their written consents to serve as party plaintiffs and to join the proposed Nationwide FLSA Class.

### *Class Action Allegations for Utah State Law Claims*

37.     The Utah state law claims, which include a statutory claim under Utah's Payment of Wages Act, Utah Code Ann. § 34-28-1, *et seq.*, breach of contract claims, and an unjust enrichment claim, may properly be maintained as a Class Action under Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

38.     The following Rule 23 requirements are satisfied:

39. **Numerosity:** The total number of members of the proposed Utah state law class exceeds 150 individuals. The members of the class are so numerous that joinder of all members is impractical, and a class action is the only available method for the fair, equitable, and efficient adjudication of this controversy.

40. **Commonality:** There are common questions and issues of fact and law which predominate over any issues solely affecting individual members; specifically, whether Defendant, in violation of UPWA, failed to pay non-overtime wages to the Plaintiffs, and members of the proposed Utah Class.

41. **Typicality:** The Plaintiffs' state claims are typical of the claims of the proposed Utah Class, in that the claims are grounded in the allegation that the Defendant, in violation of UPWA, failed to pay non-overtime wages to Utah-based CSRs by means of the policies and practices set forth above.

42. **Superiority of Class Action:** Since the damages suffered by members of the proposed Utah Class (although not inconsequential) may be relatively small, the expense and burden of individual litigation by each member will likely make it impractical for the Utah Class members to individually seek redress for the wrongful conduct alleged herein. Moreover, separate actions by each individual member of the proposed Utah Class, and the resulting multiplicity of lawsuits, would cause undue hardship and expense for the Court and the litigants. Finally, the prosecution of separate actions would also create a risk of inconsistent rulings.

43. **Adequacy:** The Plaintiffs in this class action are adequate representatives of the proposed Utah Class, since the Plaintiffs' claims are identical to those of the proposed Utah Class, and thus, the Plaintiffs have the same interests in this litigation as the members of the

proposed Utah Class. The Plaintiffs are committed to vigorous prosecution of this case, and have retained competent counsel who are experienced in litigation of this nature. The Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to the Class as a whole. The Plaintiffs anticipate no management difficulties in this litigation.

44. **Notice to the Proposed Class:** The members of the proposed Utah Class would benefit from the issuance of a court supervised notice of the present lawsuit. The members of the proposed Utah Class are known to TPUSA, are readily identifiable, and can be located through TPUSA's records.  The notice to the proposed class members will include an introduction, a short description of the lawsuit including Plaintiffs' claims and Defendant's response to those claims, information on how to opt out of the lawsuit, a section informing potential class members that retaliation is not permitted if they are currently employed by Defendant, the effect of opting out of the lawsuit, and contact information for the class's counsel for any questions they may have, as well as a notice that this case on a contingency fee with an explanation of what that entails and the amount to which the class's counsel is entitled if successful.  Along with the notice, we will attach an "Opt Out" form for potential class members who choose to opt out of the lawsuit.

## FIRST CAUSE OF ACTION

**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938, 29 U.S.C. § 201,** *et. seq.* **(Failure to Pay Minimum and/or Overtime Wage) (Nationwide FLSA Class)**

1. Plaintiffs incorporate the preceding paragraphs by reference.

2. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or is employed in

10

{01280341-5 }

an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

3. TPUSA is required to adhere to the minimum and overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and all of its employees are engaged in commerce.

4. The practices described above, which included requiring employees to arrive at least fifteen (15) minutes early for their shifts and for mandatory training without compensation, are company-wide practices that applied to CSRs at Teleperformance Contact Centers nationwide. These practices caused the Plaintiffs and proposed Nationwide FLSA Class members to be deprived of regular and overtime pay.

5. Plaintiffs and members of the proposed Nationwide FLSA Class typically worked a 40-hour on-the-clock work week; thus, the uncompensated work performed by the CSRs, was often above-and-beyond the 40-hour "on the clock" work week.

6. Defendant acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA. TPUSA was sued for nearly the same wage violations in 2008, placing it on notice of it noncompliant wage practices. Employees have also complained that they should have been paid for arriving early.

7. Plaintiffs and members of the proposed Nationwide FLSA Class are entitled to the amount of unpaid regular and overtime wages beginning three years prior to the filing of this Complaint because Defendant acting knowingly and willfully and/or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

8. Claimants are entitled to recover the amount of unpaid regular and overtime wages and an award of liquidated damages equal to the same amount, as described by section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Claimants are also entitled to an award of prejudgment interest and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE UTAH PAYMENT OF WAGES ACT, UTAH CODE ANN. 34-28-1, et seq. AND THE UTAH MINIMUM WAGE ACT, UTAH CODE ANN. 34-40-101, et seq. (Utah Class)

9. Plaintiffs incorporate the preceding paragraphs by reference.

10. Defendant is an employer within the meaning of Utah Code Ann. § 34-28-2 and 29 U.S.C. § 203.

11. Defendant, in violation of UPWA, failed to pay regular non-overtime wages to Plaintiffs and the members of the proposed Utah Class by means of the practices described above, which included requiring employees to arrive at least fifteen (15) minutes early for their shifts and for mandatory training without compensation.

12. There were times when the CSRs worked "on the clock" less than 40 hours in a given week; and in such cases, at least some portion of the uncompensated work which the CSRs performed were regular, non-overtime hours.

13. In addition, in the event Plaintiffs and the members of the Utah Class are unable to obtain overtime pay under the FLSA for any work performed by the CSRs above-and-beyond the 40-hour "on the clock" work week, Plaintiffs and the members of the Utah Class seek regular wages for such work under the UPWA.

14. As a direct and proximate result of Defendant's violations of the UPWA, as set forth herein, Plaintiffs and members of the proposed Utah Class have sustained damages, including loss of earnings for hours of regular time worked for Defendant, in an amount to be established at trial.

15. Defendant has not acted in good faith nor with reasonable grounds to believe that its actions and omissions were not in violation of the UPWA.

16. Claimants are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages under the UPWA. Claimants are also entitled to statutory damages pursuant to § 34-28-9.5(3)(b) and to an award of prejudgment interest and attorneys' fees and costs.

### THIRD CAUSE OF ACTION

**BREACH OF EXPRESS CONTRACT**
**(Nationwide FLSA Class and Utah Class)**

17. Plaintiffs incorporate the preceding paragraphs by reference.

18. At the time of hiring, Defendant expressly made an offer, orally and/or in writing to pay Plaintiffs and members of the proposed Nationwide FLSA Class and the proposed Utah Class, a specific rate of compensation for each hour of worked performed.

19. Plaintiffs and each member of the proposed Nationwide FLSA Class and the proposed Utah Class, as consideration, provided their labor and services in acceptance of the offer made by Defendant, forming an employment contract.

20. Defendant benefitted from the unpaid work performed as alleged herein.

21. Defendant breached the contract by failing to pay the full-amount of the agreed upon wages.

22. As a result of Defendant's breach of its contractual obligations, Plaintiffs and each member of the proposed Nationwide FLSA Class and the proposed Utah Class suffered damages in an amount to be proven at trial.

23. Plaintiffs request the full amount of unpaid wages, plus pre- and post-judgment interest calculated from the date that such wages were originally due, and any other relief that this Court finds reasonable and equitable under the circumstances.

## FOURTH CAUSE OF ACTION

### BREACH OF IMPLIED CONTRACT
**(Nationwide FLSA Class and Utah Class)**

24. Plaintiffs incorporate the preceding paragraphs by reference.

25. At the time of hiring, Defendant promised to pay Plaintiffs and members of the proposed Nationwide FLSA Class and the proposed Utah Class, a specific rate of compensation for each hour of worked performed.

26. When Plaintiffs and each member of the proposed Nationwide FLSA Class and the proposed Utah Class accepted Defendant's offer of employment for payment of a specific wage for each hour worked, they formed an implied contract with Defendant for payment of a specific wage for each hour worked.

27. Plaintiffs and each member of the proposed Nationwide FLSA Class and the proposed Utah Class, as consideration, provided their labor and services in reliance on the promise made by Defendant.

28. Defendant benefitted from the unpaid work performed as alleged herein.

29. Defendant breached the implied contract by failing to pay the full-amount of the agreed upon wages to Claimants.

30. As a result of Defendant's breach of its contractual obligations, Plaintiffs and each member of the proposed Nationwide FLSA Class and the proposed Utah Class suffered damages in an amount to be proven at trial.

31. Plaintiffs request the full amount of unpaid wages, plus pre- and post-judgment interest calculated from the date that such wages were originally due, and any other relief that this Court finds reasonable and equitable under the circumstances.

## FIFTH CAUSE OF ACTION

### UNJUST ENRICHMENT
### (Nationwide FLSA Class and Utah Class)

32. Plaintiffs incorporate the preceding paragraphs by reference.

33. Plaintiffs and members of the proposed Nationwide FLSA Class and the proposed Utah Class have conferred upon Defendant a benefit by being present at TPUSA's premises at such times and for such durations as were required by Defendant.

34. Defendant has acknowledged receipt of the benefit and has continued and reiterated on numerous occasions its policy of requiring Claimants to arrive early for shifts and trainings.

35. It would be inequitable for Defendant to retain such benefit without payment of its value.

36. Plaintiffs request the value of the uncompensated work time, which amount will be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and members of the proposed Nationwide FLSA Class and Utah Class, pray for judgment and the following specific relief against Defendant as follows:

1. That the Court declare, adjudge and decree that this action is a proper collective action and class action and certify the proposed Nationwide FLSA Class, the Utah Class and/or any other appropriate subclasses under FRCP Rule 23 and 29 U.S.C. § 216;

2. That, at the earliest possible time, Plaintiffs be allowed to give notice of this action, or that the Court issue such notice, to all members of the proposed Nationwide FLSA Class and Utah Class, with such notice informing them that this civil action has been filed, the nature of the action, and of their right to participate in this lawsuit;

3. That this Court designate the named Plaintiffs as Class Representatives and their lawyers as Class Counsel;

4. That the Court enter a Judgment and Decree declaring that the Defendant willfully violated its legal duties under the FLSA as to the Plaintiffs and the members of the proposed Nationwide FLSA Class;

5. With regards to the FLSA claims, and as to the Representative Plaintiffs and the members of the proposed Nationwide FLSA Class, that the Court award unpaid regular and overtime compensation, together with an additional amount as

        liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action;

6. With regards to the UPWA violations, and as to the Plaintiffs and the members of the proposed Utah Class, that the Court award the full amount of unpaid regular wages, as well as statutory damages, pre- and post-judgment interest, reasonable attorneys' fees, costs of this action, and such other legal and equitable relief as the Court deems just and proper;

7. That the Court issue a Judgment and award of damages as to the other claims asserted herein, as well as pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action;

8. That the Court order such further relief as the Court deems just and equitable, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices.

## JURY DEMAND

Plaintiffs and the members of the proposed Nationwide FLSA Class and the proposed Utah Class hereby demand trial by jury on all issues triable of right by jury.

DATED April 17, 2018

                                Respectfully Submitted,

                                CLYDE SNOW & SESSIONS

                                */s/ Christopher B. Snow*
                                Christopher B. Snow
                                Shaunda L. McNeill

                                *Attorneys for Plaintiffs*

{01280341-5 }