Christopher B. Snow (#8858)
Shaunda McNeill (#14468)
**CLYDE SNOW & SESSIONS**
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah 84111-2216
Telephone (801) 322-2516
cbs@clydesnow.com
slm@clydesnow.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JACQUELINE CAZEAU, DAWN STOJKOVIC, MICHAEL ANDERSON, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>TPUSA, INC. dba TELEPERFORMANCE USA,<br><br>        Defendant. | **JOINT MOTION FOR FINAL APPROVAL OF COLLECTIVE ACTION SETTLEMENT**<br><br>Case No. 2:18-CV-00321<br><br>Judge Robert J. Shelby<br>Magistrate Judge Cecilia M. Romero<br><br>COLLECTIVE/CLASS ACTION |

## RELIEF REQUESTED

Plaintiffs Jacqueline Cazeau, Dawnn Stojkovic, and Michael Anderson ("Plaintiffs") and Defendant TPUSA, INC. dba Teleperformance, USA ("Defendant") (collectively, the "Parties") by and through their undersigned counsel, jointly move the court for an Order: (1) finally approving the Amended and Restated Settlement Agreement as fair and reasonable; (2) directing the class administrator to distribute (a) the individual settlement payments to the 4,238 opt-in class members; (b) class counsel's attorneys' fees and costs; (c) the incentive payments to the Plaintiffs in this action; and (d) authorize payment to the class administrator for administration fees. The grounds for this motion are that the Parties complied in full with the Court's April 29, 2021 Order preliminarily approving the settlement ("Preliminary Approval Order"), and 4,238 class members opted in to the settlement, with no valid objections.[1]

## PRELIMINARY APPROVAL OF THE SETTLEMENT

On April 29, 2021 the Court issued a Preliminary Approval Order (Doc. 85) preliminarily approving the settlement as fair and reasonable. Specifically, the Court:

1. Conditionally certified the collective action for purposes of settlement;
2. Preliminarily Approved the Amended Settlement Agreement as fair and reasonable;
3. Directed the parties to implement the administration of the settlement; and
4. Requested the parties file the names of the opt-in plaintiffs, and any objections, with the court.

(Doc. #85). The Court's order further stated that

---

[1] Simpluris reported that one objection existed, but that it was invalid. Tristan Andres filed an objection but failed to provide any contact information on the objection or opt-in form, and failed to state a basis for the objection. Simpluris requested that Defendant verify Mr. Andres' employment. Defendant was unable to locate any employment records, past or present, that matched with the name Tristan Andres. Accordingly, Simpluris invalidated the objection.

{01910849-1 }1

59693603;1

Unlike Rule 23 class action settlements, fairness hearings are not required for approval of collective actions under the FLSA. However, many courts have determined that "fairness hearings should be held unless the parties notify the court that the opt-in plaintiffs had an opportunity to object." The court will reserve the question of whether a fairness hearing and/or formal motions practice is necessary to convert to final approval until submission of the class and any objections received.

(*Id*).

## REQUEST FOR FINAL APPROVAL OF SETTLEMENT AND FOR DISTRIBUTION OF THE GROSS SETTLEMENT FUND

The class administrator Simpluris, Inc., through case manager Mary Butler, submitted a Declaration, and Exhibits A and B, that details compliance with the Court's Preliminary Approval Order. Ms. Butler's Declaration reports that Simpluris:

(1) on May 20, 2021, mailed an approved notice and postcard to 48,475 unique Class Members;

(2) established a website www.tpusasettlement.com detailing the terms of the settlement, providing access to opt-in and objection forms that could be submitted through the website, and highlighting the opt in deadline of July 19, 2021, and objection deadline of July 26, 2021;

(3) created a hotline to answer questions from class members;

(4) received 4,238 valid opt-in forms from participating class members; and

(5) received zero valid objections.

The Declaration also provides a detailed breakdown of the Settlement Fund.

## BREAKDOWN OF SETTLEMENT FUND

There are 4,238 Participating Class Members who will be paid their portion of the Net Settlement Amount, estimated to be $224,111.66. The list of the valid opt-ins is attached to the Declaration as "Exhibit B", and identifies each member by first and last name, and Employee

Number. The Net Settlement Amount available to pay participating class members was determined as follows:

**Gross Settlement Fund: $550,000.00**

 Less Attorneys' Fees -$183,315.00

 Less Litigation Costs -$11,573.34

 Less Settlement Administration -$103,500.00

 Less Plaintiff Service Awards -$27,500.00

**NET SETTLEMENT FUND $224,111.66**

The approximate Settlement Share to be paid to each of the 4,238 opt-ins is approximately $52.88.

## CONCLUSION

Based on the foregoing, the Parties respectfully request that the Court grant the Joint Motion for Final Approval of Collective Action Settlement and enter the attached proposed order authorizing Simpluris to distribute the Gross Settlement Fund.

Respectfully submitted this 27th day of August, 2021.

        */s/ Christopher B. Snow*
        Christopher B. Snow
        Shaunda L. McNeill
        CLYDE SNOW & SESSIONS
        201 South Main Street, 13th Floor
        Salt Lake City, UT 84111

        *Attorneys for Plaintiffs*


        */s/ Eric Gordon (signed with permission)*
        Eric A. Gordon (Admitted Pro Hac Vice)
        AKERMAN LLP
        777 S Flagler Drive, Suite 1100 West Tower

West Palm Beach, FL 33401

Sarah J. Lis (Admitted Pro Hac Vice)
Christopher S. Carver (Admitted Pro Hac Vice)
AKERMAN LLP
201 East Las Olas Blvd, Suite 1800
Fort Lauderdale, FL 33301

Robert H. Scott
AKERMAN LLP
170 South Main St., Suite 725
Salt Lake City, UT 84101

*Attorneys for Defendant, TPUSA, Inc. d/b/a Teleperformance USA*